## Norfolk

### TERRY DEVON TROTMAN

v.

### COMMONWEALTH OF VIRGINIA

No. 1347-88-1

Decided May 22, 1990

COUNSEL

Paul M. Lipkin (Goldblatt, Lipkin, Cohen, Anderson, Jenkins & Legum, P.C., on brief), for appellant.

Robert Q. Harris, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## OPINION

**BAKER, J.**—Terry Devon Trotman (appellant) appeals from his bench trial conviction for perjury under Code § 18.2-434 by the Circuit Court of the City of Virginia Beach (trial court). The charge resulted from a false statement he made in response to a question asked by a judge in the Criminal Division of the General District Court of the City of Virginia Beach (district court). The issues presented by appellant in this appeal are (1) whether there was sufficient evidence presented in the trial court to sustain his conviction, and (2) whether the proceeding in the district court was so constitutionally flawed that evidence procured from appellant in that proceeding should be barred from use against him in the trial court to support the Commonwealth's charge that he violated Code § 18.2-434.

Appellant was arrested on a charge of unlawful possession of marijuana in the City of Virginia Beach and directed to appear in the district court on January 7, 1988, to answer that charge. On that date appellant appeared in the district court where he and the arresting officer, Laurie Wetzel, were duly sworn for the purpose of a trial to determine his guilt or innocence of the charge.

The following is a verbatim reproduction of Officer Wetzel's response to cross-examination during her testimony in the trial court:

Q. Officer Wetzel, did you testify in the — before Judge Rhodes [the district court judge]?

A. Did I testify?

Q. Yeah.

A. No, sir.

Q. Did Terry Trotman testify?

A. No, sir.

Q. There was no evidence at all put on?

A. The judge didn't ask for any evidence to be put on.

Q. Did the judge ask Mr. Trotman if he was guilty or not guilty?

A. No, sir.

Q. There was no trial, was there? No plea? No testi-. mony; is that correct?

A. That is correct.

Q. Was there an attorney representing the Commonwealth?

A. No, sir. This was a misdemeanor charge.

Q. Was there an attorney representing Terry Trotman?

A. He didn't request one.

Q. Did he waive one?

A. No, sir.

Q. Was he advised he had a right to one?

A. No, sir.

Q. And the charge he was charged with by you was possession of marijuana which is a Class I Misdemeanor, I believe; is that correct?

A. Yes, sir.

Appellant was not asked whether he had counsel, could afford counsel, wanted to waive counsel, or whether he desired to testify in the district court proceeding. The district court judge *sua sponte* asked appellant if he previously had been convicted of a drug offense, to which inquiry the appellant responded falsely. Prior to this response, appellant had given no testimony nor did he request to be placed in first offender status.

Appellant first argues that when he responded to the district court judge's inquiry, the question and his answer at that time were not material to anything properly before the court. The attorney general argues that the purpose for which appellant appeared in court was to determine his eligibility for first offender status and, therefore, the question and answer were material to the issue before the court. At oral argument, the attorney general further argued that "this record does not show the purpose for him being in [the district] court at all." We disagree with both positions asserted by the attorney general. The trial court record discloses the following question from the prosecuting attorney and the response thereto from Officer Wetzel:

Q. Okay. Now, what were the circumstances under which you and Mr. Trotman were both in front of the Criminal Division in General District Court?

A. I had arrested Mr. Trotman for possession of marijuana, and we were before Judge Rhodes [the district court judge] for the charge.

The threshold question which we must determine is whether the record discloses that the purpose for which appellant was sworn was to determine his guilt or innocence of unlawful possession of marijuana. We find that the record discloses that the purpose for which the oath was administered was to determine his guilt or innocence. The second question we must answer is whether the record discloses that appellant's guilt was determined. We find that the record discloses that in the district court no trial was conducted, no plea of guilty was entered, and no finding of guilt was made. Until a defendant has been found guilty of a drug offense, whether he has been previously convicted is irrelevant.

In pertinent part, Code § 18.2-434 provides:

If any person to whom an oath is lawfully administered on any occasion wilfully swear falsely on such occasion touching any material matter or thing. . . he shall be guilty of perjury, punishable as a Class 5 felony. . . .

At the time the district court judge inquired whether appellant previously had been convicted of a drug offense it could not have been for the purpose of impeaching the witness, as he had not testified. The question was not for the purpose of impugning his character or rebutting character evidence for none had been presented. The question was not relevant for purposes of sentencing because at that time appellant had not been found guilty of the charge. In order to sustain a perjury conviction under Code § 18.2-434, the Commonwealth had the burden to prove beyond a reasonable doubt that the inquiry to which the accused falsely swore was material to *a proper matter of inquiry. Mendez v. Commonwealth*, 220 Va. 97, 102, 255 S.E.2d 533, 535 (1979). Here, until appellant had been found guilty of the charge of illegal possession of marijuana the question propounded by the district court judge and the response thereto were irrelevant to a proper matter of inquiry. Thus, the evidence produced on behalf of the Commonwealth in the trial court was insufficient to sustain a conviction for perjury.

We are aware that district court judges are required to hear a large number of cases each court day. In doing so, the district courts are required to move expeditiously to meet their docket requirements; however, the district courts must proceed in accordance with the law of the Commonwealth and may not by-pass essential requirements of proof and findings. The law applicable to these proceedings required a determination of guilt prior to a determination of eligibility for first offender treatment.

In view of our holding on the sufficiency of the evidence we do not address the other issues raised by appellant on this appeal.

For the reasons stated we reverse the judgment of the trial court and dismiss appellant from further prosecution.

*Reversed and dismissed.*

Koontz, C.J., and Barrow, J., concurred.