## Norfolk

EILEEN JOYCE SHEARD

v.

COMMONWEALTH OF VIRGINIA

No. 0343-90-1

Decided April 2, 1991

228

COUNSEL

Theresa B. Berry (Office of the Public Defender, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Convicted of perjury, the appellant, Eileen Joyce Sheard, contends on appeal that the trial court erred: (1) in denying her motion to dismiss the indictment on the ground that she was denied her right to a speedy trial in contravention of Article I, Section 8 of the Constitution of Virginia and the Sixth Amendment of the Constitution of the United States; (2) in denying her motion to strike the Commonwealth's evidence because the Commonwealth failed to allege that the person placing the defendant under oath was duly authorized to do so; (3) in denying her motion to strike the evidence because the alleged false statements were not material to a bond hearing; and (4) in denying her motion to strike the evidence because a conviction for perjury based solely on out-of-court statements is contrary to Virginia law. We find no error and affirm.

On June 12, 1989, the appellant was arrested on an indictment returned May 1, 1989, charging her with perjury. The charge arose out of testimony given by her in the Circuit Court of Virginia Beach on or about February 21, 1989 in a bond hearing concerning charges then pending against Benny Shields. In that hearing, the appellant testified that she had known Shields for ap-

proximately eleven years and had borne him a child. She testified that she had not told Detective Byrum that Shields had threatened Byrum's life or hers or that Shields had threatened to flee. She denied that Shields was violent or that he had indicated any intention of fleeing. On cross-examination, she denied that she had met with the Assistant Commonwealth's Attorney and Detective Byrum in the Commonwealth's Attorney's office in October of 1988. She denied that she had ever met with the Assistant Commonwealth's Attorney. She denied that she had told the Assistant Commonwealth's Attorney that Shields had solicited her to help him commit burglaries, that Shields had told her that he would kill her if she talked to the police, that Shields had told her that he wanted to kill Detective Byrum, that she was afraid of Shields who had beaten her on earlier occasions, or that Shields had told her that he would leave the area if there was a possibility that he would go to jail. She denied that there had ever been any meeting between her, Detective Byrum and the Assistant Commonwealth's Attorney in the Commonwealth's Attorney's office and that she had ever talked to Detective Byrum concerning violations of the law by Shields.

Albert D. Alberi, the Assistant Commonwealth's Attorney involved, and Detective Byrum both testified that appellant had in fact met with them in the Commonwealth's Attorney's office, had told them that Shields was soliciting her to assist him in committing burglaries, had threatened to kill or harm her if she told the police, had stated his desire and intention to kill Detective Byrum, and had stated his intention to flee. Mr. Alberi testified that appellant said that she was "personally very much afraid" of Shields, who had beaten her on prior occasions.

The chronology of the case is as follows:

| | |
|---|---|
| June 12, 1989 | — The appellant was arrested. On June 13 the matter was continued to June 22 for appointment of counsel. |
| June 22, 1989 | — On appellant's motion the case was continued so that the appellant could retain counsel. |
| June 26, 1989 | — The Office of the Public Defender was appointed to represent the appellant. Trial was set for July 27, 1989. |

| | |
|---|---|
| July 27, 1989 | — On motion of the Commonwealth a continuance was granted to permit the appointment of a special prosecutor, because it appeared that Assistant Commonwealth's Attorney Albert D. Alberi would be required as a witness. The matter was continued to July 31, 1989. |
| July 31, 1989 | — The court noted that a special prosecutor would be appointed and the case was continued to August 7, 1989 for the setting of a trial date. |
| August 2, 1989 | — A special prosecutor was appointed. |
| August 7, 1989 | — Trial was set for September 28, 1989. |
| September 28, 1989 | — A continuance to November 15, 1989 was granted on motion of the Commonwealth and over objection of appellant, on the ground that "the Commonwealth's only witnesses in this case will be conducting and/or testifying in another jury trial on September 28, and are, therefore, not available to testify in this trial." |
| November 15, 1989 | — Because the clerk had failed to summon a jury and the appellant had requested a jury trial, over objection of both the Commonwealth and appellant, the case was continued to January 11, 1990. |
| January 11, 1990 | — The case was tried before a jury which found appellant guilty as charged. |

The appellant recognizes that because she was not incarcerated during the pendency of the proceedings against her and less than nine months expired between the time of her arrest and the time of her trial, the requirements of Code § 19.2-243 were satisfied. However, she contends that her fundamental constitutional right to a speedy trial, guaranteed by the Sixth Amendment to the Constitution of the United States and by Article I, Section 8 of the Constitution of Virginia, was denied.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court of the United States, after discussing the public and private considerations in weighing the desirability of speedy decision against the time demands of deliberate justice, defined a balancing test to be applied by the courts on an *ad hoc* basis. It identified four factors to be considered: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Id.* at 530.

In *Barker*, the Supreme Court held that the length of the delay is the triggering mechanism. Unless there is delay which is presumptively prejudicial, it is unnecessary to inquire as to the other factors. *Id.* The appellant has demonstrated no prejudice resulting from the delay. A process which results in a trial on the merits within the statutorily described time does not support a presumption of prejudice. "Code § 19.2-243 is the statutory embodiment of the constitutional right to a speedy trial." *Clark v. Commonwealth*, 4 Va. App. 3, 5, 353 S.E.2d 790, 791 (1987).

Furthermore, the four factors of *Barker* preponderate unquestionably in favor of the Commonwealth. The delay, if indeed there was delay, was brief. The case came forward for trial within the statutory time standard. The delay was required for the orderly and proper presentation of the case, the securing of counsel for the accused, the appointment of a special prosecutor because the Commonwealth's Attorney had a conflict of interest, the non-availability of material witnesses, and the need to secure the attendance of a jury. While some of the delay was attributable to slowness or even negligence on the part of the Commonwealth or its agencies, there is no suggestion that any of this was willful or with intent to infringe upon the right of the appellant to defend herself effectively. Thus, the delay should not weigh heavily against the Commonwealth. *See Holliday v. Commonwealth*, 3 Va. App. 612, 618, 352 S.E.2d 362, 365 (1987). The appellant duly asserted her demand for a speedy trial. She has demonstrated no prejudice deriving from the inability of the case to be tried on its earlier scheduled dates.

The appellant next contends that the trial court should have struck the evidence because the Commonwealth failed to allege that the person placing the defendant under oath was duly authorized to do so. We find no merit in this argument. The indictment alleges that appellant "after being placed under oath in the Cir-

cuit Court of the City of Virginia Beach, which was duly authorized to administer such oath, did willfully, corruptly and falsely swear. . . ." Mr. Alberi testified that the appellant was under oath when she gave her testimony at the bond hearing, and the transcript of the hearing recited that she testified after "having been duly sworn."

■ The appellant next contends that the trial court should have struck the evidence because the false statements attributed to her were not material to any matter before the court in which she was testifying. We disagree. Testimony is material if it is relevant to a main or collateral issue on trial. *Holz v. Commonwealth*, 220 Va. 876, 881, 263 S.E.2d 426, 429 (1980); *see also Trotman v. Commonwealth*, 10 Va. App. 403, 406-07, 392 S.E.2d 685, 686-87 (1990). The issues before the court in the bond hearing were: (1) whether Shields, if released, would be likely to appear for subsequent proceedings, and (2) whether Shields, if released, would constitute a threat to society. *See* Code § 19.2-120. At the hearing, the appellant testified that Shields was not violent, that he would not be a danger if released, and that he would not flee. The statements which she falsely denied making to Mr. Alberi and Detective Byrum would have impeached her credibility and were thus material to the issues on trial. Furthermore, she falsely denied having told them that Shields had told her that he intended death or injury to her and Detective Byrum, that he wanted her to assist him in committing other crimes, and that he had told her that he intended to flee. All of this was direct evidence which was material to the issues before the court in the bond hearing.

■ Finally, the appellant contends that the trial court should have struck the evidence because the charge of perjury against her was based "solely on out-of-court statements" and was contrary to Virginia law. This argument is without merit. The false statements which the appellant was accused of making were in-court statements, made at Shields' bond hearing. Code § 18.2-434, codifies common law perjury as follows:

> If any person to whom an oath is lawfully administered on any occasion willfully swears falsely on such occasion touching any material matter or thing . . . he shall be guilty of perjury.

All that was required to be proven was that appellant, being duly under oath, willfully swore falsely to material facts. *Williams v. Commonwealth*, 8 Va. App. 336, 339-40, 381 S.E.2d 361, 363 (1989). That proof was provided by the testimony of Mr. Alberi and Detective Byrum and by the transcript of the appellant's testimony at Shields' bond hearing.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.