COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Russell and AtLee
Argued at Richmond, Virginia

MARCUS ANTWANN ATKINS

v.      Record No. 0469-18-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
MARCH 5, 2019

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Paul W. Cella, Judge

Sante John Piracci (Lee & Piracci, PLC, on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R. Herring, Attorney General, on brief), for appellee.

On February 28, 2018, Marcus Antwann Atkins was convicted at a bench trial of one count of felony perjury by giving conflicting testimony at two trials in violation of Code § 18.2-435.  On appeal, Atkins contends that the evidence was insufficient to support his conviction because the Commonwealth failed to prove that the testimony he gave at the second trial was material to that proceeding.[1]

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Atkins's assignment of error states:

> The trial court could not have found that the Commonwealth proved beyond a reasonable doubt that the defendant committed perjury by giving conflicting statements because it did not prove that the conflicting statement was 'material' since selling marijuana is not an element of the offense of possessing a firearm after having been convicted of a felony.

## I. BACKGROUND

Atkins's conviction for perjury under Code § 18.2-435 stems from conflicting statements he made when he testified in his own defense at two jury trials – one on August 24, 2016 and one on March 31, 2017. At Atkins's perjury trial on February 28, 2018, the Commonwealth introduced excerpts of certified transcripts containing Atkins's testimony from those two trials as evidence in its case-in-chief.

At the August 24, 2016 trial, Atkins was tried for malicious wounding, possession of marijuana with the intent to distribute, and "related firearm charges." The transcript from that proceeding showed that Atkins testified that he met Cornell Brown at Atkins's barbershop on December 29, 2015, in order to discuss his potentially employing Brown. After briefly speaking with Brown, Atkins testified that he went to the trunk of his car because he "was going to give [Brown] some marijuana" for free as an incentive to work for Atkins. Atkins testified that, when he went to unzip the bag where he kept the marijuana, Brown pulled out a gun and tried to rob him. Atkins stated that he "instantly went for the gun" and that the two fought over it until Atkins heard the police arriving. Atkins testified that, at that point, he ran to try to hide the marijuana. He expressly denied that he was trying to sell marijuana to Brown.

On March 31, 2017, Atkins was tried for possession of a firearm by a convicted felon – a charge that had been severed from the charges tried on August 24, 2016. At the March 31, 2017 trial, Atkins testified to a similar story about the struggle with Brown over the gun that he claimed Brown drew on him. However, unlike at the August 24, 2016 trial, on cross-examination at the March 31, 2017 trial, Atkins testified that he had intended to sell the marijuana to Brown – not give it to him for free. This statement led the Commonwealth's Attorney to ask Atkins about his August 24, 2016 testimony regarding the marijuana:

> Q [by the Commonwealth]: Do you remember testifying
> previously about the issue of the marijuana?

A [by Atkins]:  Yes.  I do.

Q:  Do you recall testifying that you were going to give it to him?

A:  Yes.  I do.

Q:  For free?

A:  Yes.  I do.

Q:  Was that true or was that a lie?  You just told us that you're planning to go sell it to him, not that you were giving it to him for free.  Which one is true, please?  Were you giving it for free or were you selling it?

A:  All right.  I was selling to him and the reason why I said I was giving it to him because it was, you know, I wasn't trying to get charged with the marijuana charge.  That's basically it.

Q:  Just to be clear.  You're telling us that you lied in your previous testimony about going to give the marijuana to him for free; is that correct?

A:  Yes.

Q:  You understand that is perjury.  You were under oath in the previous testimony?

A:  Yes, sir.  I understand clearly what's going on here, sir.  I'm just being totally open, honest about the situation here at hand.

At the conclusion of the Commonwealth's presentation of evidence at Atkins's perjury trial, Atkins's counsel moved to strike.  Atkins's counsel took the position that, in order for the trial court to find Atkins guilty of perjury under Code § 18.2-435, each of Atkins's statements must have been "material" to the proceeding where the statement was made.  Atkins's counsel conceded that, at the August 24, 2016 trial, Atkins's statement that he intended to give Brown the marijuana was material because one of the charges for which he was being tried was possession of marijuana with the intent to distribute.  However, he argued that Atkins's statement at the second trial – the March 31, 2017 trial – was not material to that trial because it was not relevant to the charge of possession of a firearm by a convicted felon.

- 3 -

In response, the Commonwealth argued that the second statement was material to the second trial because it was relevant to Atkins's "self-defense" or "necessity" defense at the second trial – i.e., that Atkins came to possess the firearm only because he was attempting to stop Brown from using it to rob or harm him. The Commonwealth contended that, if Atkins was selling the marijuana rather than giving it to Brown for free, it would make Atkins's story about the robbery and the struggle over the gun more likely as Brown would have been less likely to rob Atkins if Atkins was simply giving him the marijuana – rather than selling it to him. The trial court overruled Atkins's motion to strike and his later renewed motion to strike, concluding that Atkins's second statement, given at the March 31, 2017 trial, was "material as to Mr. Atkins's credibility because of the circumstances surrounding the drug transaction and his self-defense claim." The trial judge found Atkins guilty and sentenced him to ten years of incarceration with nine of those years suspended.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. We review, however, any issue regarding

statutory interpretation *de novo* on appeal. Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480 (2008).

Code § 18.2-435 states:

> It shall likewise constitute perjury for any person, with the intent to testify falsely, to knowingly give testimony under oath as to any material matter or thing and subsequently to give conflicting testimony under oath as to the same matter or thing. In any indictment for such perjury, it shall be sufficient to allege the offense by stating that the person charged therewith did, knowingly and with the intent to testify falsely, on one occasion give testimony upon a certain matter and, on a subsequent occasion, give different testimony upon the same matter. Upon the trial on such indictment, it shall be sufficient to prove that the defendant, knowingly and with the intent to testify falsely, gave such differing testimony and that the differing testimony was given on two separate occasions.

On appeal, the parties largely adopt the arguments they made to the trial court. Atkins argues that the statement he made at the March 31, 2017 trial was not material because "[n]one of the elements of the offense of possessing a firearm after having been convicted of a felony touch on the issues of distributing or possessing marijuana" while the Commonwealth contends that the testimony was relevant because it bolstered the necessity or self-defense claim Atkins made at that trial. Assuming without deciding that Code § 18.2-435 requires that each statement be material at the proceeding in which it was made,[2] the issue before this Court is whether Atkins's statement that he intended to sell Brown the marijuana was material at his March 31, 2017 trial.

---

[2] In addition to arguing that Atkins's statement that he intended to sell the marijuana to Brown was material to the March 31, 2017 trial, the Commonwealth argues that Code § 18.2-435 does not require the Commonwealth to prove that Atkins's March 31, 2017 statement was material because Code § 18.2-435 only requires that the Commonwealth prove that the testimony given at the first proceeding – not the second – was material. We do not reach this issue as the "doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" Commonwealth v. Swann, 290 Va. 194, 196 (2015) (quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4 (2010)).

In a perjury trial, "[t]estimony is material if it is relevant to a main or collateral issue on trial." Fritter v. Commonwealth, 45 Va. App. 345, 352 (2005) (quoting Sheard v. Commonwealth, 12 Va. App. 227, 232 (1991)); Holz v. Commonwealth, 220 Va. 876, 881 (1980) (In order to be material the "testimony must have been relevant in the trial of the case, either to the main issue or some collateral issue."). See also Ronald J. Bacigal, 7 Virginia Practice: Criminal Offenses and Defenses 480 (2016) ("In the perjury context, materiality 'means that the statement must be one about a fact that could influence the outcome of the proceeding.'"). Thus, materiality in a perjury proceeding "is the functional equivalent of relevancy." Saunders v. Commonwealth, No. 1639-15-3, at *3 (Va. Ct. App. Nov. 8, 2016) (citing Sheard, 12 Va. App. at 232). "Evidence is relevant if it has any logical tendency, *however slight,* to establish a fact at issue in the case." Fritter, 45 Va. App. at 352 (quoting Ragland v. Commonwealth, 16 Va. App. 913, 918 (1993)).

At the March 31, 2017 trial, Atkins's testimony regarding selling the marijuana was relevant to establishing Atkins's defense of necessity or self-defense. See Humphrey v. Commonwealth, 37 Va. App. 36, 47-48 (2001) (holding "that the common law defense of necessity remains available, upon an appropriate factual predicate, as a defense to a charge of possessing a firearm after having been convicted of a felony under Code § 18.2-308.2"); see also Small v. Commonwealth, 292 Va. 292, 299 (2016) (recognizing the defense of duress or necessity may apply to a charge of possession of a firearm by a convicted felon). If Atkins was selling the marijuana – rather than simply giving it to Brown – that fact would make it more likely that Brown was trying to rob Atkins and, therefore, more likely that Atkins only possessed

the firearm because he was defending himself against Brown.[3]  Because the statement, if believed by the fact finder, had a logical tendency to help establish that Atkins only possessed the gun out of necessity (i.e., self-defense), it was material to the March 31, 2017 trial. Therefore, the evidence was sufficient for the trial court to conclude that Atkins, "with the intent to testify falsely" knowingly gave "testimony under oath as to any material matter or thing and subsequently [gave] conflicting testimony under oath as to the same matter or thing." See Code § 18.2-435.

### III. Conclusion

In short, the statement Atkins made at the March 31, 2017 trial was material to the charge against Atkins in that trial.  In defending against the charge of possession of a firearm by a convicted felon, Atkins asserted a claim of necessity or self-defense.  This defense would have been strengthened by Atkins's testimony that he was going to *sell* Brown marijuana because it would have made it more likely that Brown would have robbed Atkins if Atkins planned to sell – rather than give – him the marijuana.  Therefore, the statement was relevant – and material – to the March 31, 2017 trial, and Atkins's conviction for perjury is affirmed.

Affirmed.

---

[3] Atkins argues for the first time on appeal before this Court that, because the Commonwealth did not introduce evidence of Brown's testimony from the March 31, 2017 trial at Atkins's perjury trial, "[a] reasonable hypothesis of innocence could be that Brown's testimony from the March 31, 2017 trial conformed exactly [to] the defendant's March 31, 2017 testimony."  Thus, Atkins argues that this Court accept that it is possible that Brown also testified at the March 31, 2017 trial that he intended to rob Atkins with a gun.  However, "upon appellate review, the issue of exclusion of reasonable theories of innocence is limited to those theories advanced by the accused at trial.  Subject to the ends of justice exception, appellate courts will not entertain matters raised for the first time on appeal.  Rule 5A:18."  Commonwealth v. Hudson, 265 Va. 505, 514 (2003).  Atkins did not make this argument to the trial court during his perjury trial, and we therefore will not consider that theory now on appeal.