COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Causey and White


KAYLA ANN BENNETT

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0636-24-4                  JUDGE KIMBERLEY SLAYTON WHITE
                                                        OCTOBER 7, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WARREN COUNTY
Daryl L. Funk, Judge

Thomas K. Plofchan, Jr. (Westlake Legal Group, PLLC, on briefs),
for appellant.

Kimberly A. Hackbarth, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


On a conditional guilty plea under *North Carolina v. Alford*,[1] the trial court convicted Kayla

Ann Bennett on a reduced charge of causing a child to be in need of services in violation of Code

§ 18.2-371. The trial court sentenced Bennett, in accordance with a plea agreement, to six months

of incarceration, all suspended. On appeal, Bennett argues that the trial court erred in denying her

motion to dismiss because her statutory and constitutional rights to a speedy trial were violated. We

find no trial court error and affirm the judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] A defendant entering an *Alford* plea does not admit guilt but acknowledges that the prosecution has enough evidence of guilt to support a conviction. *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND

On appeal, this Court views the evidence and all reasonable inferences flowing from it in the light most favorable to the Commonwealth, the party who prevailed in the trial court. *Goodwin v. Commonwealth*, 71 Va. App. 125, 129 n.1 (2019).

On June 12, 2023, a Warren County grand jury indicted Bennett for felonious child cruelty and two counts of assault and battery of W.O., and felonious child cruelty and two counts of assault and battery of M.J.[3] The six charges were assigned circuit court numbers CR23-502 through CR23-507. On the day of the indictments, Thomas K. Plofchan, Jr., noted his appearance as Bennett's attorney in the Circuit Court for Warren County. Bennett was arrested on a capias on June 14, 2023, and she was released on recognizance that day.

Bennett and Plofchan appeared at a hearing on June 23, 2023. When the trial court asked which party was moving to continue the case, the prosecutor said that he was "comfortable setting a trial date," but that it was defense counsel's decision about how to proceed. Noting that it would not continue the case on its own motion, the trial court recognized that Plofchan was not "waiving speedy trial" at that juncture. Plofchan replied, "Well, to that extent, Your Honor, then I am happy to move that, to continue the setting of the trial for a status time" to allow Plofchan time to review the Commonwealth's file concerning the charges. Plofchan asked for at least one month's delay as he indicated that the prosecutor had revealed that there was "a considerable amount of material" for Plofchan to review. After further discussion about accommodating Plofchan's personal schedule, Plofchan agreed to a continuance until July 27, 2023. The trial court's order reflecting its findings at the hearing stated that the matter was continued on the defendant's motion to July 27, 2023, to set a trial date. Both Bennett and Plofchan signed the order.

---

[3] We use the minors' initials to protect their identities.

On July 19, 2023, Bennett filed motions to change venue and to dismiss or for a bill of particulars. At the July 27, 2023 hearing, the trial court heard argument on Bennett's motions. The trial court denied the motion to dismiss, took under advisement the motion for a change of venue, and granted the defense motion for a bill of particulars. The trial court set a jury trial for all the charges on January 2, 2024.

On November 6, 2023, Bennett moved for a separate jury trial for each of the six charges against her and moved that any resulting delay in the trials would be attributable to the Commonwealth. At a November 13, 2023 hearing, where Plofchan's associate, Katherine Poindexter, appeared on Bennett's behalf, the Commonwealth conceded that the charges were improperly joined and agreed to Bennett's motion for multiple jury trials.[4] The trial court set six jury trials; the trial for Bennett's charge of felonious child cruelty against W.O. and numbered CR23-502 was set for March 5, 2024.

At a December 28, 2023 hearing, the Commonwealth moved to continue two of the upcoming trials for misdemeanor offenses because a necessary witness was injured and unable to attend trial. Bennett opposed the motion. Stating that it intended to grant the motion to continue, the trial court then asked counsel about the statutory speedy trial deadline. The prosecutor responded that Bennett had moved for the continuance from June 23 to July 27, 2023, tolling the speedy trial computation, so the statutory speedy trial limit was April 18, 2024. Plofchan disagreed, claiming that the continuance should not count against Bennett and the speedy trial deadline was instead March 14, 2024. The trial court proposed using the two previously scheduled trial dates for the felony charges—February 22 and March 5, 2024—for two of the misdemeanors instead. Plofchan then claimed that he had a scheduling conflict and could not

---

[4] Bennett failed to file a transcript of the November 13, 2023 hearing or make a pertinent written statement of facts a part of the appellate record.

appear at a trial on March 5, 2024. The trial court noted that Poindexter, Plofchan's associate, was present and had agreed to the March 5, 2024 date. The trial court then continued the jury trial for the CR23-502 charge to April 4, 2024.

On March 19, 2024, Bennett moved to dismiss the indictment in CR23-502, alleging that her statutory and constitutional rights to a speedy trial had been violated. Plofchan argued that the statutory speedy trial period expired on March 14, 2024. The trial court denied the motion to dismiss on statutory speedy trial grounds for the same reasons stated by the Commonwealth at the December hearing.

On April 4, 2024, on the indictment numbered CR23-502, Bennett entered an *Alford* plea to the reduced charge of contributing to the delinquency of a minor, reserving the right to appeal the trial court's rulings on the speedy trial motion. All of the remaining charges were nolle prossed.[5] The trial court convicted Bennett for misdemeanor contributing to the delinquency of a minor and sentenced her. Bennett appeals.

ANALYSIS

I.

"[A] statutory speedy trial challenge presents a mixed question of law and fact." *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022) (alteration in original) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)). "The appellate court gives deference to the trial court's factual findings but reviews legal issues de novo, including questions regarding the proper construction of a statute." *Id.*

Under Code § 19.2-243, "[w]here a general district court has found that there is probable cause to believe that an adult has committed a felony" and that adult is held in continuous

---

[5] Following a March 1, 2024 hearing, upon the Commonwealth's motion, the trial court nolle prossed two of the misdemeanor charges.

custody, her trial must commence either within five months of that preliminary hearing, or within nine months if she is not held continuously. "If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, . . . shall be from the date an indictment or presentment is found against the accused." *Id.* Further, "[i]f an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon." *Id.*

Bennett contends that the trial court erred in denying her motion to dismiss the indictment on statutory speedy trial grounds. Because she was indicted by the grand jury directly, arrested on June 14, 2023, and was not held in continuous custody, she maintains that the statute required her trial to commence within nine months of her arrest on June 14, 2023 – i.e., required her trial to commence by March 14, 2024.

"[I]f the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay." *Wallace v. Commonwealth*, 65 Va. App. 80, 89 (2015), *aff'd*, 292 Va. 1 (2016). The five and nine month time periods, however, are not absolute and are subject to being tolled for several reasons, many of which are delineated in Code § 19.2-243. *See Adkins v. Commonwealth*, 13 Va. App. 519, 521 (1992) (recognizing that Code § 19.2-243 specifies circumstances in which the limitation period is extended and that "[t]he specified reasons for excusable delay listed in the statute are not exclusive; other similar circumstances may excuse delay in trying the accused within the designated time"). Of particular note here, Code § 19.2-243(4) provides, in pertinent part, that any delay in trial caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the

Commonwealth" tolls the speedy trial clock and does not count against the time a defendant must be tried. "In determining whether the accused or his counsel made, concurred in, or failed to object to a motion for a continuance, we must 'confine our review to the record that comes before us.'" *Wallace*, 65 Va. App. at 91 (quoting *Godfrey v. Commonwealth*, 227 Va. 460, 464 (1984)).

Generally, the time between the probable cause finding and the initial trial date is not a continuance and counts against the Commonwealth for speedy trial purposes. *See Turner v. Commonwealth*, 68 Va. App. 72, 79 (2017). However, Code § 19.2-243's restrictions do not apply to speedy trial deadline calculations when a defendant or his counsel requests the continuance, concurs to the Commonwealth's continuance motion, or fails to timely object to that motion. Code § 19.2-243(4).

In *Baity v. Commonwealth*, 16 Va. App. 497, 500 (1993) (en banc), the defendant appeared in court after indictment for a felony, arrest, and release. He asked for the appointment of counsel to represent him. *Id.* The trial court did not appoint counsel, but entered an order continuing the matter on the defendant's motion to permit him to retain counsel. *Id.* Fifteen days later, the defendant appeared in court with retained counsel. *Id.* Upon review of the trial court's conclusion that the period of delay was attributable to the defendant for speedy trial purposes, we acknowledged that "when an accused appears before a trial court for the appointment of counsel, and the case is continued to the next docket call without being set for trial, the period of time which follows is not tolled under Code § 19.2-243." *Id.* at 504 (quoting *Nelms v. Commonwealth*, 11 Va. App. 639, 640 (1991)). We explained that, as in *Nelms*, the defendant was in court "for the appointment of counsel, a step necessary for the trial of the accused." *Id.* (quoting *Nelms*, 11 Va. App. at 641). "No trial date had been set *and no attempt was made to set one*. The effect of appointing counsel was to prepare the matter for trial, and did

not cause a failure to try the [accused]." *Id.* (alteration in original) (emphasis added) (quoting

*Nelms*, 11 Va. App. at 641-42).

But in *Baity*, we distinguished *Townes v. Commonwealth*, 234 Va. 307 (1987), where the

defendant appeared before the trial court with counsel, the matter was continued, but no trial date

was set. *Baity*, 16 Va. App. at 506. We observed that, under the circumstances, the resulting

period of the continuance was properly attributed to Townes:

> Townes had counsel and obtained a continuance for some
> undisclosed reason. We may not simply assume that Townes'
> continuance was a step necessary to prepare the matter for trial or
> that its benefit was not limited to him. Townes may have been
> prepared for trial, but for some tactical reason sought and obtained
> a delay in the commencement of his trial. On the other hand, if we
> assume that he obtained a continuance to prepare his case for trial,
> the result of the Code § 19.2-243 analysis is the same even though
> no trial date had been previously set.

*Id.* at 507.

We noted that "[a] continuance or delay that permits the accused to obtain a perceived

tactical benefit or permits the accused to prepare his case for trial is not a benefit shared by the

Commonwealth." *Id.* Indeed, such a delay is not inherent in the process of preparing for trial

but, rather, is granted in the sound discretion of the trial judge consistent with principles of due

process. *Id.* We found that, because such a delay was not inherent in the process of preparing

the case for trial, "the fact that a trial date was or was not actually delayed was immaterial." *Id.*

Here, the delay afforded Bennett between June 23 and July 27, 2023 was not "a delay

inherent in the process of preparing the case for trial[.]" *Id.* Bennett appeared in court with

Plofchan, her attorney of record, at the June 23, 2023 hearing. The prosecutor announced that

the Commonwealth was then prepared to set a trial date and was not moving to continue the case.

But, as the record reflects, Plofchan requested the continuance from June 23 to July 27, 2023, to

set the matter for trial and to allow him time to review the Commonwealth's file. And the trial

court's order of June 23, 2023, confirms that the continuance was on the motion of the defense.

Both Plofchan and Bennett herself signed the June 23, 2023 order without objection. Thereafter, Bennett took advantage of the delay by advancing several defense motions.

Thus, the period from June 23 to July 27, 2023—34 days of delay—was excluded from the statutory speedy trial period. From Bennett's arrest to the date of her *Alford* plea, 295 days elapsed. "The nine-month limitation" in Code § 19.2-243 "'translates to' at least 273 days." *McCray v. Commonwealth*, 44 Va. App. 334, 342 (2004). Subtracting the 34-day continuance, Bennett's trial commenced within the nine-month period that Code § 19.2-243 required. Accordingly, the trial court did not err in denying Bennett's motion to dismiss on statutory speedy trial grounds.[6]

## II.

Bennett contends the trial court erred in refusing to dismiss the charge based on a violation of her constitutional right to a speedy trial. The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "The determination of whether an accused has been denied the constitutional right to a speedy trial requires 'a difficult and sensitive balancing process' in which the court examines on an *ad hoc* basis the conduct of both the state and the accused which led to a delay in prosecution." *Kelley v. Commonwealth*, 17 Va. App. 540, 544 (1994) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). "A claim of a violation of speedy trial rights under the federal constitution is resolved by the balancing of four factors—length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant." *Howard v. Commonwealth*, 281 Va. 455, 462 (2011).

---

[6] Because we find that Bennett's statutory right to a speedy trial was not violated, we need not consider whether any other portions of the delay spanning from her arrest to trial were properly attributable to her rather than the Commonwealth. *See Shifflett v. Hill*, 82 Va. App. 367, 379 n.12 (2024) ("[J]udicial restraint dictates that we decide cases on the best and narrowest grounds available[.]" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

Nonetheless, "[t]he length of the delay is the 'triggering mechanism' for [the] analysis" of a constitutional speedy trial question. *Kelley*, 17 Va. App. at 544 (quoting *Barker*, 407 U.S. at 530). "Unless there is sufficient delay to be 'presumptively prejudicial, there is no necessity for [further] inquiry . . . .'" *Id.* (quoting *Barker*, 407 U.S. at 530). Thus, an accused "must establish that, under the particular circumstances of his case, the length of the delay presumptively 'was so detrimental as to have endangered his right to a fair trial.'" *Id.* at 545 (quoting *Beachem v. Commonwealth*, 10 Va. App. 124, 131 (1990)). In the absence of a presumptively prejudicial delay, an accused must demonstrate actual prejudice to prove a constitutional speedy trial violation. *See Arnold v. Commonwealth*, 18 Va. App. 218, 224, *aff'd on reh'g en banc,* 19 Va. App. 143 (1994).

"Code § 19.2-243 is the statutory embodiment of the constitutional right to a speedy trial." *Sheard v. Commonwealth*, 12 Va. App. 227, 231 (1991) (quoting *Clark v. Commonwealth*, 4 Va. App. 3, 5 (1987)). "A process which results in a trial on the merits within the statutorily described time does not support a presumption of prejudice." *Id.* Having determined that Bennett's statutory right to a speedy trial was not violated, we do not find that the length of delay was presumptively prejudicial. *See id.* Bennett has failed to claim, much less demonstrate, any actual prejudice from the delay of the proceedings against her. Accordingly, we conclude that the trial court did not err in denying Bennett's motion to dismiss based on a constitutional speedy trial right violation.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*