Present:  Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and Lacy and Koontz, S.JJ.[*]

RONNIE LEE HOWARD

v.  Record No. 100912

COMMONWEALTH OF VIRGINIA

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
MARCH 4, 2011

FROM THE COURT OF APPEALS OF VIRGINIA

The dispositive issue in this appeal is whether the tolling provisions of Code § 19.2-243, the speedy trial statute, apply to a trial court order entered sua sponte continuing the defendant's trial date.

I.

FACTS

On March 3, 2008, Ronnie Lee Howard was indicted by the Grand Jury in the Circuit Court of Botetourt County for one count of credit card theft, Code § 18.2-192, and one count of breaking and entering, Code § 18.2-91.  The trial court set Howard's trial for May 22, 2008.  On May 21, 2008, the trial court entered an order at its own "request" continuing the trial to July 3, 2008.  Howard did not object to this order.

On July 3, the date set for trial, the Commonwealth moved for a continuance due to the absence of two witnesses scheduled to testify at trial.  Howard also asked for a continuance.

---

[*] Justice Koontz presided and participated in the hearing and decision of this case prior to the effective date of his retirement on February 1, 2011; Justice Kinser was sworn in as Chief Justice on February 1, 2011.

Howard explained that he was unprepared for trial through no fault of his own but because he had not received certain discovery material held by the Roanoke City police department. Thus, Howard argued that his motion for continuance should be charged to the Commonwealth. Howard's counsel specified that his "client [did] not wish to waive his right to speedy trial because of [the continuance]."

In a conversation with the trial court concerning the impact of a continuance on the speedy trial requirements of Code § 19.2-243, the Commonwealth explained that 122 days had passed from the date of the indictment, but argued that the time period had been tolled from May 22 to July 3 because Howard did not object to the court-initiated continuance. Howard responded that he was not required to object because the trial court had set the new trial date within the statutory time frame. Counsel for the Commonwealth advised the trial court that because of his schedule the trial would have to be scheduled for some time after August 4, which was the end of the five-month period required by Code § 19.2-243 for commencing Howard's trial absent any tolling. Howard raised no objection to setting a trial date beyond August 4. The trial was continued until August 14 "at the request of the Commonwealth."

On August 5, Howard filed a motion to dismiss alleging he had been confined continuously since his March 3 indictments

2

without a trial in violation of the speedy trial period set out in Code § 19.2-243.  Howard argued that neither of the continuances should be charged to him and that, not only had his right to a speedy trial as provided by Code § 19.2-243 been violated, his rights to a speedy trial as provided by the United States and Virginia Constitutions also were violated.

Following a hearing on Howard's motion to dismiss, the circuit court ruled that because Howard did not object to the first continuance, which was initiated by the court, the five-month statutory time period for commencing Howard's trial was tolled during that period, May 22 until July 3.  Accordingly, the circuit court denied Howard's motion to dismiss the indictments and noted his exceptions to the ruling.

The circuit court proceeded with the bench trial and found Howard guilty on both counts, sentencing him to thirteen years' imprisonment and suspending eight years and six months of said sentence.

The Court of Appeals of Virginia, in a published opinion, affirmed Howard's convictions.  Howard v. Commonwealth, 55 Va. App. 417, 686 S.E.2d 537 (2009).  The Court of Appeals held that because Howard failed to object to the continuance order entered sua sponte by the trial court, the five-month speedy trial period was tolled from May 22 to July 3, 2008, and there was no speedy trial violation.  Id. at 424, 686 S.E.2d at 541.  Based

3

on this holding, the Court of Appeals concluded that it was unnecessary to consider whether the tolling provisions of the speedy trial statute applied to the second continuance. Id.

The Court of Appeals also held that Howard failed to preserve his claim of a speedy trial violation under the United States and Virginia constitutions and dismissed that claim pursuant to its Rule 5A:18. Id. at 425, 686 S.E.2d at 541. The Court of Appeals also declined to apply the ends of justice exception to that rule. Id. at 425-26, 686 S.E.2d at 541-42. We awarded Howard an appeal.

## II.

## DISCUSSION

### A. Statutory Claim

Code § 19.2-243, the speedy trial statute, provides that if a defendant accused of a felony is continuously held in custody from the time he is indicted, if there was no preliminary hearing, he must be tried within five months of the date of the indictment. The statute also provides that if the trial does not commence within the stated time period, the defendant "shall be forever discharged from prosecution" for the charged offense. Applying that provision to this case required that Howard's trial commence no later than August 4, 2008, five months from the date he was indicted.

Circumstances will arise, however, that require and justify delay in the prosecution of a defendant. Stephens v. Commonwealth, 225 Va. 224, 231, 301 S.E.2d 22, 26 (1983)("[W]hile in the orderly administration of justice some delay is unavoidable and some is essential to due process, courts must inquire into the reasons for the delay.") Paragraph 4 of Code § 19.2-243 balances the interests of a defendant to be tried in a timely manner with such circumstances. These provisions are generally referred to as the tolling provisions. As relevant here, paragraph 4 provides that calculation of the time period for commencing the trial will be tolled for time attributed to a continuance granted on a motion made by the defendant or his counsel, or time attributed to a continuance granted on a motion made by the Commonwealth in which the defendant or his counsel concurred or did not make a timely objection.

In his first assignment of error, Howard argues that because no express language in the speedy trial statute addresses court-initiated continuances, the statute's tolling provisions do not apply and, in any event, he was not required to object to the continuance because the court-initiated continuance did not extend the trial date beyond the five-month statutory time period. We reject both of Howard's arguments.

5

We have held on prior occasions that the specific circumstances identified in the statute as exceptions tolling the time for commencing the trial were "not meant to be all-inclusive, but that others of a similar nature were implied." Stephens, 225 Va. at 230, 301 S.E.2d at 25. For example, in Wadley v. Commonwealth, 98 Va. 803, 35 S.E. 452 (1900), we held that an injunction, entered by a federal court restraining a law officer from proceeding with the prosecution of a case and prohibiting the use of certain material as evidence, tolled the required statutory time period for commencing a criminal trial even though that exception was not included in the statute. We stated that "[i]t would defeat rather than carry out the purpose of the enactment to give its language the narrow and technical meaning contended for" by the plaintiff. Id. at 805, 35 S.E. at 453. Thus, in the absence of language specifically including a court-initiated continuance within the tolling provisions of the speedy trial statute, we must consider if such a continuance is of a "similar nature" to those contained in the statute.

Once the initial trial date is set, every continuance postpones the trial date regardless of the reason for the continuance or the identity of the moving party. This is true whether or not the postponement extends the trial date beyond the statutorily required date. The provisions of paragraph 4 of Code § 19.2-243 relevant in this case clearly demonstrate that

6

in order to avoid the tolling provision, the defendant must be adverse to the granting of the continuance and must affirmatively express his objection even when a new trial date is set within the speedy trial time limits for the commencement of the trial. Because a continuance entered by the court sua sponte has the same effect as a continuance entered at the request of the defendant or the Commonwealth, we conclude that a court-initiated continuance is of "a similar nature" and therefore is subject to the same requirements regarding objections as other continuances. Stephens, 225 Va. at 230, 301 S.E.2d at 25. Consequently, Howard's failure to object to the continuance initiated by the trial court that extended the date for trial from May 22 to July 3 resulted in tolling the five-month time period for that 43-day period. Accordingly, there was no error in the Court of Appeals' judgment that Howard's trial, commencing on August 14, was within the five-month period required by the speedy trial statute.[1]

B. Constitutional Claim

Howard's final assignment of error asserts that the Court of Appeals erred in holding that he failed to preserve his claim

---

[1] In his second assignment of error, Howard asserts that the Court of Appeals erred in failing to consider whether the speedy trial statute was tolled during the second continuance from July 3 to August 14. In light of our holding regarding the first assignment of error, we, like the Court of Appeals, need not address this issue.

that his constitutional speedy trial rights were violated and in refusing to apply the ends of justice exception under Rule 5A:18. Howard does not present any argument on brief to support his contention that the Court of Appeals erred in its determination that this constitutional issue was not preserved for appeal. Rather, Howard's argument is directed only to the Court of Appeals' conclusion that failure to apply the ends of justice exception would not result in a miscarriage of justice based on a finding that Howard could show no prejudice from the short delay in the commencement of his trial. Accordingly, we need not address whether Howard preserved his claims based on a constitutional violation. Rule 5:27(d); Andrews v. Commonwealth, 280 Va. 231, 252, 699 S.E.2d 237, 249 (2010) (lack of an adequate argument on brief in support of an assignment of error constitutes a waiver of that issue.)

Howard asserts that the Court of Appeals limited its analysis of Howard's constitutional claims to the issue of prejudice and that such a limitation was error. He argues that a showing of prejudice is not an affirmative requirement for establishing the denial of a federal constitutional right to a speedy trial. Moore v. Arizona, 414 U.S. 25, 26 (1973). Howard also argues that because Code §§ 19.2-241 and 19.2-243, have been held to be a legislative interpretation of what constitutes a speedy trial, Stephens, 225 Va. at 229-30, 301 S.E.2d at 25,

8

no showing of prejudice is required to establish a violation of either the statutory speedy trial statute or Art. I, § 8 of the Virginia Constitution.  Thus, Howard contends that the Court of Appeals erred in declining to apply the ends of justice exception to his state and federal constitutional speedy trial claims.

Determining whether the ends of justice exception should be applied requires the appellate court first to determine whether there was error as Howard contends and then "whether the failure to apply the ends of justice provision would result in a grave injustice."  Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010) (citing Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434-35 (2005)).

A claim of a violation of speedy trial rights under the federal constitution is resolved by the balancing of four factors – length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant.  Barker v. Wingo, 407 U.S. 514, 530 (1972).  As Howard properly contends, there is no requirement that prejudice be established, but evidence relating to these factors is considered, together with any other circumstances as may be relevant, and balanced in determining whether a constitutional violation has occurred. Moore, 414 U.S. at 26.

In this case, as we discussed above, there was no speedy trial violation based on Code § 19.2-243. Furthermore, as the Court of Appeals noted the time from Howard's indictment to trial, without consideration of any tolling, was five months and 12 days – a time period that, regardless of the statutory requirement, is not an unreasonable delay. Furthermore, Howard acquiesced in much of that "delay" by not objecting. And finally, Howard's only assertion of prejudice was that he lost the opportunity to have the charges against him dismissed. Considering all the factors involved in determining whether there was a federal constitutional speedy trial violation, we conclude that no such violation occurred and, therefore, there is no basis for applying the ends of justice exception to this case.

Similarly, Howard's state constitutional claim is not sufficient to invoke the ends of justice exception. Howard argues that determination of a violation of the state constitutional speedy trial provision, Art. I, § 8, does not require the same test as that applied to a claim of a federal constitutional speedy trial violation, and that the Virginia Constitution affords greater protection than the United States Constitution in this regard. According to Howard, because prejudice is not an element of the speedy trial statute, Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 681-82 (2004),

and because that statutory scheme supplements the state constitutional provision, Stephens, 225 Va. at 229-30, 301 S.E.2d at 25, prejudice should not be relevant to a determination of whether the Virginia constitutional provision is violated.

Assuming without deciding whether the standard Howard proposes is correct, application of his standard would not support invoking the ends of justice exception in this case.  As stated above, the speedy trial statute was not violated in this case, and if, as Howard contends, the constitutional standard comports with the speedy trial statute, there is no violation of Art. I, § 8 of the Virginia Constitution.

In summary, we hold that the Court of Appeals did not err in finding that the period between May 22, 2008, and July 3, 2008, was tolled pursuant to Paragraph 4 of Code § 19.2-243.  We also conclude that there is no basis to apply the ends of justice exception to allow consideration of Howard's claim of a violation of his federal and state constitutional speedy trial rights.  Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.