COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges McCullough and Huff
Argued at Alexandria, Virginia


ERIC ELIEZER NELSON

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2386-11-4                       JUDGE GLEN A. HUFF
                                                    JUNE 26, 2012

ELIZABETH GROFF NELSON, N/K/A
 ELIZABETH GROFF SANDERS


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              R. Terrence Ney, Judge

            Stephen D. Halfhill (Kenneth W. Curtis; Allred, Bacon, Halfhill &
            Young, PC, on briefs), for appellant.

            Robert M. Worster III (David L. Ginsberg; Cooper Ginsberg Gray,
            PLLC, on brief), for appellee.


        Eric Eliezer Nelson ("husband") appeals an order of the Circuit Court of Fairfax County

("trial court") finding him in contempt for violation of a property settlement agreement ("PSA")

entered into with Elizabeth Groff Sanders ("wife").  On appeal, husband contends that the trial

court erred in (1) finding he violated the terms of the PSA by failing to designate wife as the

beneficiary of his military survivor benefit plan ("survivor benefit plan"), when in fact he had

complied with the requirement to designate her "at or about the time of his retirement";

(2) ordering him to pay wife's attorney's fees and expert witness' fees; and (3) ordering him to

provide an annuity to wife as substitution for wife's lost stake in the survivor benefit plan.[1]  Wife

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband made a fourth argument in his brief that the trial court erred in scheduling a
review hearing to assess his compliance with the contempt order on the basis that the ordered
payment contravened our decision in Brown v. Brown, 5 Va. App. 238, 361 S.E.2d 364 (1987)
(precluding the trial court from using its contempt powers to enforce an order entered pursuant to

seeks an award of her attorney's fees and costs incurred on appeal. For the following reasons, we affirm the judgment of the trial court and grant wife's request for appellate attorney's fees and costs, to be determined by the trial court on remand.

## I. BACKGROUND[2]

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citing Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002); Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995)). "'That principle requires us to discard the evidence of the [husband] which conflicts, either directly or inferentially, with the evidence presented by the [wife] at trial.'" Petry v. Petry, 41 Va. App. 782, 786, 589 S.E.2d 458, 460 (2003) (citation omitted). So viewed, the facts relevant to this appeal are as follows.

Husband retired from the United States Air Force on July 1, 1987. He and wife entered into a PSA on July 14, 1987, the relevant parts of which follow:

> 11. HUSBAND'S RETIREMENT AND OTHER MILITARY BENEFITS. The parties stipulate that the wife is entitled to share in husband's military retirement pay . . . . The husband agrees that at or about the time of his retirement from the United States Air Force he shall designate the wife as permanent and irrevocable beneficiary on the maximum Survivor Benefit Plan available to him as a member, or retiring member, of the United States Air Force . . . . It is agreed that neither the retirement pay [n]or the Survivor Benefit Plan shall cease should the wife remarry.

---

Code § 20-107.3, an equitable distribution statute). At oral argument, however, counsel for husband stated his opinion that Brown had been overruled by a subsequent amendment to Code § 20-107.3. Without deciding the applicability of Code § 20-107.3 to the present case, we conclude that husband has effectively withdrawn his fourth assignment of error, and thus we do not address it further.

[2] Husband did not timely file a transcript or written statement of facts in the trial court. Thus, the information contained in this section is derived from the trial court's record.

Husband and wife obtained a final decree of divorce in the trial court on November 4, 1987, which incorporated the PSA previously agreed to by the parties. Following the entry of the final decree, husband took no action to re-designate wife as the beneficiary of the survivor benefit plan, which otherwise terminated by operation of law one year after the final decree of divorce. Husband later remarried, and it appears that his second spouse then became the beneficiary of his survivor benefit plan.

On March 25, 2011, wife filed an affidavit and petition for rule to show cause asking the trial court to find husband in contempt for violating the terms of the PSA. Specifically, wife asserted that husband had failed to properly designate her as the permanent and irrevocable beneficiary of his survivor benefit plan after the parties' divorce. Following a show cause hearing on October 26, 2011, the trial court held husband in contempt for violating the PSA and therefore ordered him to compensate wife in the amounts of: (1) $16,366.98 in attorney's fees and costs; (2) $1,850 in expert witness' fees; and (3) $48,520 in underpaid military retirement pay, including interest. The trial court further instructed husband to provide an annuity to wife in the amount of $383,226.70, payable upon husband's death, in return for wife's lost stake in the survivor benefit plan. Husband objected to the trial court's order by writing, on the face of the order, "Seen and Objected to. I do not have the funds to pay for the $383,226.70 annuity." Husband, who had represented himself at the hearing, did not raise any further objections to the order, nor did he make any post-trial motions. Husband noted his appeal to this Court on November 22, 2011.

The trial court set a hearing date of January 20, 2012 to review husband's compliance with the contempt order. Husband, however, did not appear in the trial court on the hearing date, and the matter was continued to February 3, 2012. Husband did not appear in the trial court on February 3, 2012, and the trial court entered an order directing husband to place $449,963.68

into escrow with the trial court. The trial court set subsequent dates of March 9, 2012 and April 6, 2012 to review husband's compliance with its orders.

## II. ANALYSIS

On appeal, husband contends that the trial court erred in (1) finding he violated the terms of the PSA by failing to permanently and irrevocably designate wife as the beneficiary of his survivor benefit plan, when in fact he had complied with the requirement to designate her "at or about the time of his retirement"; (2) ordering him to pay wife's attorney's fees and expert witness' fees; and (3) ordering him to provide an annuity to wife in return for her lost stake in the survivor benefit plan. In response, wife asserts that the assigned errors are procedurally barred in that husband neither made specific objections to the trial court's order pursuant to Rule 5A:18 nor timely filed a transcript for proper disposition of the issues pursuant to Rule 5A:8.[3] With regard to the merits of husband's arguments, wife asserts that the trial court did not err. Wife also requests an award of her attorney's fees and costs incurred in responding to the appeal.

## A. Procedural Bar

Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." See Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (noting that procedural rules apply to *pro se* litigants). Husband objected to the trial

---

[3] As a threshold matter, wife requests that we apply the fugitive disentitlement doctrine to dismiss this case. "'In order to employ the doctrine,' the record must show that '(1) the appellant [is] a fugitive, (2) there [is] a nexus between the current appeal and the appellant's status as a fugitive, and (3) dismissal [is] necessary to effectuate the policy concerns underlying the doctrine.'" Morrison v. Morrison, 57 Va. App. 629, 637, 704 S.E.2d 617, 620 (2011) (citing Sasson v. Shenhar, 276 Va. 611, 623, 667 S.E.2d 555, 561 (2008)). Upon consideration of the principles underlying the doctrine, we hold that the record relating to this appeal does not affirmatively show that husband was a fugitive. Thus, we decline to apply the fugitive disentitlement doctrine to this case.

court's order by writing, on the face of the order, "Seen and Objected to. I do not have the funds to pay for the $383,226.70 annuity." Husband argues on appeal, however, that the trial court erred because he complied with the terms of the PSA. Based on this argument, he also assigns error to the trial court's instruction that he pay wife's attorney's fees and expert witness' fees, as well as provide her with an annuity. Yet husband neither stated these bases for the objection on the order nor made any post-trial motions addressing these issues. Further, husband did not timely file a transcript of the October 26, 2011 hearing, access to which might have enabled us to determine whether he had preserved any of the assigned errors during trial.

"Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (citation omitted). "Such an endorsement is sufficient to satisfy Rule 5A:18 only if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Id. (citation omitted). The trial court's order in this case, however, simply stated that husband had violated the PSA and set forth the payments that husband was required to make to wife. As husband conceded at oral argument, the language of the order was not sufficiently narrow to make the basis of husband's objection obvious to this Court.[4] Thus, husband failed to adequately preserve the assigned errors for review by this Court.

Further, husband's argument for the application of the ends of justice exception to Rule 5A:18 with regard to the second and third assignments of error is unavailing.[5] "'[A]pplication of

---

[4] Although husband conceded that his objection on the face of the order was insufficient in itself to preserve his arguments, he asserted that wife's rule to show cause trial memorandum adequately alerted the trial court to the issues on appeal. However, we conclude this assertion is without merit.

[5] Although Rule 5A:18 also allows for an exception for good cause, husband does not ask us to apply it to any of the assigned errors. See Redman v. Commonwealth, 25 Va. App. 215,

the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165 (2009) (citation omitted). "'The ends of justice exception is narrow and is to be used sparingly,' and only when a trial court error is 'clear, substantial and material.'" Tooke v. Commonwealth, 47 Va. App. 759, 764-65, 627 S.E.2d 533, 536 (2006) (citation omitted). In short, "[d]etermining whether the ends of justice exception should be applied requires the appellate court first to determine whether there was error . . . ." Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 888-89 (2011).

Here, husband has failed to establish that the trial court committed clear, substantial, and material error in ordering that he pay wife's attorney's fees and expert witness' fees and provide her with an annuity. First, husband incorrectly argues that the trial court erred in holding him in contempt for failure to pay the attorney's fees and expert witness' fees. The trial court's order, in fact, held husband in contempt for violating the terms of the PSA and awarded fees as a derivative of that holding. Next, husband argues that the trial court erroneously looked to "speculative future events" in determining the value of the annuity, yet fails to establish that such factors as the duration and growth rate of the annuity were improper for the trial court to consider. For these reasons, husband has failed to show that the trial court committed clear, substantial, and material error in ordering the payment of fees and the provision of the annuity. Thus, there is no basis for this Court to apply the ends of justice exception to these assignments of error. Accordingly, we hold that husband's arguments are waived pursuant to Rule 5A:18.

221, 487 S.E.2d 269, 272 (1997). Accordingly, we will not consider *sua sponte* whether to invoke the exception. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).

Moreover, husband did not timely file a transcript of the October 26, 2011 hearing in the trial court. See Rule 5A:8 (providing that "the transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court within [sixty] days after entry of the final judgment"). "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Thus, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8.

Without a transcript or written statement of facts from the October 26, 2011 hearing, we cannot determine what evidence before the trial court caused it to determine that husband had not properly designated wife as the beneficiary of the survivor benefit plan. Nor can we determine what evidence prompted the trial court to award attorney's fees, expert witness' fees, and an annuity to wife. Thus, we conclude that a timely filed transcript or written statement of facts was necessary to permit resolution of the assigned errors in this case. Accordingly, even had husband complied with Rule 5A:18, his defect under Rule 5A:8 would nonetheless have operated as a waiver to his arguments. See Smith v. Commonwealth, 281 Va. 464, 469, 706 S.E.2d 889, 892 (2011) (indicating that the proper disposition of a Rule 5A:8 violation is a waiver of the argument rather than dismissal of the appeal).

For these reasons, we affirm the judgment of the trial court.

### B. Attorney's Fees

Wife requests an award of her attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine

> whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Upon consideration of the entire record in this case, we hold that wife is entitled to reasonable attorney's fees and costs on appeal.  Accordingly, we remand to the trial court for determination of the reasonable fees and costs that wife incurred in responding to this appeal, including those fees and costs incurred for that determination.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.  We further remand the case to the trial court for a determination of wife's attorney's fees and costs on appeal.

Affirmed and remanded.