PRESENT: All the Justices

MICHAEL ANTHONY YOUNG

v. Record No. 180515

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE CLEO E. POWELL
July 3, 2019

FROM THE COURT OF APPEALS OF VIRGINIA

Michael Anthony Young appeals from a judgment of the Court of Appeals of Virginia affirming his convictions for grand larceny, in violation of Code § 18.2-95; conspiracy to commit grand larceny, in violation of Code §§ 18.2-22 and 18.2-95; and false identification to a law enforcement officer, in violation of Code § 19.2-82.1. On appeal, Young argues that his right to a speedy trial was violated and that the Court of Appeals erred in affirming the trial court's denials of his motions to dismiss.

I. BACKGROUND

On November 25, 2015, Michael Anthony Young was arrested on a charge of having robbed a minor. Young was charged with robbery (Count 1), which was bound over for the grand jury by the Juvenile and Domestic Relations Court on March 2, 2016. The grand jury indicted Young on Count 1 on March 14, 2016. Young was directly indicted on March 14, 2016 for conspiracy to commit robbery, grand larceny, conspiracy to commit a felony, and giving false identification to law enforcement (Counts 2-5). The indictment return order indicated "no bond on all counts." For purposes of speedy trial determinations, Young's period of incarceration began March 2, 2016. Absent any intervening events extending the applicable period, his speedy

trial period would expire on August 3, 2016 for Count 1 and August 15 for Counts 2 through 5. Young's jury trial was scheduled for August 1-3, 2016.

On July 15, 2016, Young filed a motion to dismiss the indictments against him based upon discovery issues with the Commonwealth. Young argued in his motion that he was "forced . . . to choose between his right to a speedy trial and his right to the effective assistance of counsel." The trial court held a hearing on Young's motion to dismiss on July 19. Young made various arguments in support of his motion to dismiss. Among other things, he specifically argued that the indictments should be dismissed due to the Commonwealth's late production of 1005 recorded jail phone calls made by Young which totaled 225 hours in length and the revelation of the existence of a previously undisclosed certificate of analysis from the victim's cell phone. Counsel for Young argued:

> I would suggest at the end of the day the Commonwealth has put [Young] in a position, and he has no choices. He can choose to stand on his rights to a speedy trial and go to trial on August 1st and be unprepared and put himself in a position to not be able to redevelop his defense, reinvestigate his case; reconfigure what he is going to do or how he is going to present it; never mind the fact that there is an absolute impossibility at this point in time to listen to all of those recordings; that there is still information that we simply don't know and we don't know if or when we're going to know it; that it could come in tomorrow or a week from tomorrow or the day before trial, and just take his chances in court on a charge that is not insignificant in any way. . . .
>
> Or he can say to the [c]ourt, I need to have this case continued because I want my case to be prepared.

After the trial court indicated it would take the motion to dismiss under advisement, counsel for Young stated:

> if the [c]ourt doesn't grant the motion to dismiss, regardless of whatever other remedies the [c]ourt chooses to fashion or not fashion, [Young's] position is going to be that we're certainly not in a position to go forward with trial on August 1st, regardless of the ways in which the Commonwealth is suggesting that this

2

evidence be limited in some fashion. I don't want to be disingenuous to the [c]ourt and say I'm going to wait for your ruling and then have it and then turn around and come back to this [c]ourt and say, ["]If you're not dismissing this case, then we're now not ready to go forward.["] I do want to be up front with the [c]ourt.

The trial court scheduled a hearing for July 25 for its ruling on Young's motion to dismiss.

At the July 25 hearing, the trial court held that it did not "find that this [was] a comprehensive failure to provide discovery." The trial court denied the motion to dismiss but imposed sanctions against the Commonwealth, prohibiting it from relying on the jail phone calls at trial, binding the Commonwealth to a stipulation regarding the certificate of analysis, and ordering it to file supplemental discovery by August 8.

Despite the sanctions the trial court imposed, Young continued to argue that

we don't feel this should be a situation which Mr. Young has to forfeit his rights to a speedy trial in light of his rights to have the information that he's entitled to, which again, once we move this court date will all but ensure we will be outside the speedy trial time.

In light of Young's position, a discussion regarding bond ensued. In response to the trial court's statement that "it's a practical concession that bond would need to be granted," Young stated that bond was "not really a solution . . . because he [was] being held on other matters from other jurisdictions. So setting a bond in this case will actually do nothing to provide him any liberty." At the conclusion of the discussion, Young recommended placing the case on the August 15 scheduling docket but stated, "I don't want the [c]ourt to take that as the defense is now agreeing that this, in essence, three-week window would be attributable to Mr. Young because I'm asking to use the 15th." In light of the fact that August 15th was outside the speedy trial window, the Commonwealth offered to try to provide the required responses earlier in order to keep the trial date and keep Young's speedy trial rights intact. Directly addressing the speedy trial issue, the

3

Commonwealth raised the issue of whether Young was requesting a continuance or if "we're just kind of putting the case out." In response, defense counsel stated:

> [w]e're certainly not in a position to go forward even if a response came in.
>
> . . . .
>
> To now attribute this idea and say this is now the defendant's continuance and he has to eat this time or it should be held against him, again, would be fundamentally unfair and quite frankly inappropriate. The Commonwealth had this information all along.
>
> . . . .
>
> [T]his time should be attributable to the Commonwealth.

In response to this colloquy, the trial court replied, "this [c]ourt is not today ruling that this is the defendant's motion to remove this case from the docket. I don't know what that means down the road, but I do not count this as a defense motion."

Thereafter, on August 8th and 15th, Young filed additional motions to dismiss the charges against him alleging violations of the speedy trial statute. Young argued that his speedy trial rights were violated because the trial court failed to count the continuance against the Commonwealth. In response, the Commonwealth argued that Young stated that he would not be ready for trial by August 1, thus causing the trial court to remove the matter from the August 1 trial docket. Prior to rendering its decision, the trial court recounted the events leading up to the continuance. Specifically, the trial court recounted that

> [o]n July 19th, the [trial court] recognized that the August 1st trial date was approaching and when attempting to determine a date to set for a ruling on the pending motion . . . defense counsel informed the [c]ourt that regardless of the [c]ourt's ruling on the motion to dismiss, that the defense would not be [in] a position to try the case on August 1st due to various discovery issues . . . .

4

> Taking note of that, and without objection of either counsel, the [c]ourt then set July 25th as the date for the ruling on the motion to dismiss.

> . . . .

> [J]ust because the [c]ourt has determined that [Young] didn't file a motion to continue does not [lead to] the conclusion that the speedy trial provisions had been violated and the [c]ourt is required to dismiss the charges.

Against this backdrop, the trial court continued:

> As I said, the defense had not filed any document that was styled motion to continue but the removal of the August 1 trial date was originated by [Young's] declaration that he would not be prepared to try the case on August 1st.

> So the [c]ourt finds that the process then occurred that resulted in the removal of the trial date was *in pari ratione*, that is by like mode or reasoning or for the like reason as if [Young] had filed a motion to continue.

Having reached this conclusion, the trial court applied the analysis of *Taylor v. Commonwealth*, 4 Va. App. 45 (1987) (holding that absent a showing of bad faith by the Commonwealth, continuances requested by defendant will not be charged to the Commonwealth), specifically found no bad faith on the part of the Commonwealth, and denied the motion to dismiss.

Young thereafter pled guilty to Count 5 (false identification to a law enforcement officer). At his November 2016 jury trial, the trial court granted the motion to strike Counts 1 (robbery) and 2 (conspiracy to commit robbery). The jury found Young guilty on Counts 3 (grand larceny) and 4 (conspiracy to commit larceny). Young was sentenced to a total of 16 months' incarceration.

On appeal, the Court of Appeals affirmed the judgment of the trial court. *Young v. Commonwealth*, Record No. 0265-17-4, 2018 WL 1385405 (Mar. 20, 2018) (unpublished). Contrary to the trial court's finding that Young's actions were *in pari ratione* to a defense

5

continuance motion, the Court of Appeals found that the continuance was court-ordered. The

Court of Appeals held that a court-ordered continuance is considered an implied exception to the

time periods under the speedy trial act under *Howard v. Commonwealth*, 281 Va. 455, 461

(2011). *Young*, 2018 WL 1385405, at *6. It found that the trial court expressly ruled that the

Commonwealth did not act in bad faith, that this determination was not contested on appeal, and

that it was the "law of the case." *Id.* at *7. The Court of Appeals also applied its previous

holding in *Taylor* and held that "even though the Commonwealth's discovery failures

necessitated the court-ordered continuance, because the trial court ruled that the Commonwealth

did not act in bad faith, we cannot impute the continuance to the Commonwealth." *Id*. at *7.

This appeal followed.

## II. ANALYSIS

On appeal, a statutory speedy trial challenge presents a mixed question of law and fact.

The Court reviews legal questions de novo, while giving deference to the trial court's factual

findings. *Harris v. Commonwealth*, 266 Va. 28, 32 (2003).

> The defendant's right to a speedy trial is one accorded him under
> the[S]ixth [A]mendment of the United States Constitution and
> under article I, section 8 of the Virginia Constitution. This right
> has been supplemented by Code §§ 19.2-241 and 19.2-243, held to
> be a legislative interpretation of what constitutes a speedy trial.

*Stephens v. Commonwealth*, 225 Va. 224, 229-30 (1983). Code § 19.2–241 provides

> [w]hen an indictment is found against a person for felony or when
> an appeal has been perfected from the conviction of a
> misdemeanor or traffic infraction, the accused, if in custody, or if
> he appear according to his recognizance, may be tried at the same
> term and shall be tried within the time limits fixed in [Code]
> § 19.2-243.

Code § 19.2-243, the speedy trial statute, provides that if a defendant, who stands accused

of a felony, is continuously held in custody from the time he was indicted or from his

6

preliminary hearing, he "shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months." Here, Young had been continuously incarcerated since the March 2, 2016 preliminary hearing and, for purposes of speedy trial, his trial should have commenced within five months of the preliminary hearing date. Young was not tried until November 14-17, 2016, well beyond the five-month time limit set forth in Code § 19.2-243. The Court of Appeals found that the trial's continuance from August 2016 until November 2016 was a court-ordered continuance that was not counted against the Commonwealth. The Court of Appeals held that because the trial court found the Commonwealth did not act in bad faith,[*] it could not "impute the continuance to the Commonwealth" and affirmed Young's convictions. *Young*, 2018 WL 1385405 at *7. "While we do not agree with the Court of Appeals' *rationale* in" affirming Young's convictions, we do agree that Young's speedy trial rights were not violated. *Ricks v. Commonwealth*, 290 Va. 470, 480-81 (2015) (applying the right result, wrong reason doctrine). Because Young's failure to make an affirmative objection to the trial court's continuation of the case is dispositive, we need not address the arguments that the continuance should be attributed to the Commonwealth and that *Taylor* should be overruled, modified, or reversed.

The five-month period provided for in Code § 19.2-243 is not absolute. Code § 19.2-243 provides that the calculation of the time period for commencing the trial will be tolled for time attributed to a continuance granted on a motion made by the defendant and his counsel, or time attributed to a continuance granted on a motion made by the Commonwealth in which the defendant or his counsel concurred or did not make a timely objection. In *Howard*, we

---

[*] We take no position on the correctness of the trial court's finding that the Commonwealth did not act in bad faith.

recognized that not all continuances will be requested by either the Commonwealth or the defendant. Indeed, due to the nature of trial proceedings, sometimes continuances are initiated by the court. We specifically held in *Howard* that even continuances "entered by the court sua sponte . . . are subject to the same requirements regarding objections [by the defendant] as other continuances." 281 Va. at 461.

Young argues that while the Court of Appeals correctly applied the reasoning of *Howard* in finding that the provisions of Code § 19.2-234(4) apply to a "court-ordered" continuance, he nevertheless contends that the Court of Appeals erred in the sequencing of its analysis because, under *Howard*, after deciding there was a court-ordered continuance, the threshold issue is whether or not Young objected to the court-ordered continuance. We agree with Young that that analytical sequencing applies under the facts of this case. We disagree, however, with Young's interpretation of the facts.

Young argues that because he objected to any court-ordered continuance if the time would not be attributed to the Commonwealth, this period of delay may not be attributed to him. Young takes the position that the Court of Appeals agreed that he objected because it found that Young "did not concur in, agree to, or initiate the continuance" and that he "repeatedly and emphatically stated at multiple stages of the proceeding that he was not waiving his speedy trial right." *Young*, 2018 WL 1385405, at *7. Again, while Young is correct as to the statement made by the Court of Appeals, he reads too much into that statement. While Young is correct as to the things the Court of Appeals identified and on which he relies, none of these actions and/or inactions equates to an objection to the continuance. Had Young objected, he would be correct. However, the facts of this case indicate that Young was not averse to the granting of the continuance nor did he affirmatively object.

8

Young continually argued that he would not be ready for trial on August 1 and that he did not want the continuance counted against him for purposes of speedy trial. Young recommended placing the case on the August 15 scheduling docket and stated, "I don't want the [c]ourt to take that as the defense is now agreeing that this, in essence, three-week window would be attributable to Mr. Young because I'm asking to use the 15th." Young's opposition to the resulting delay being attributable to him, while simultaneously reiterating that he could not be ready for trial and suggesting a control date outside the speedy trial window is not the same as affirmatively objecting to a continuance. Indeed, defense counsel never used the word "object" during the discussion regarding the continuance of trial. In *Howard*, we specifically stated, "[t]he provisions of paragraph 4 of Code § 19.2-243 . . . clearly demonstrate that in order to avoid the tolling provision, the defendant must be adverse to the granting of the continuance and must affirmatively express his objection." 281 Va. at 460. While Young did not explicitly concur, agree to, or request a continuance, nowhere in the record is there an actual affirmative objection to the court-ordered continuance. "The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and [these circumstances] constitute[] a continuance of the trial date under Code § 19.2–243(4)." *Heath v. Commonwealth*, 261 Va. 389, 394 (2001). With Young having failed to lodge an affirmative objection to the continuance, we are constrained by Code § 19.2-243(4) and will not consider Young's request to overturn, modify, or reverse the Court of Appeals decision in *Taylor*. We will affirm the judgment of the Court of Appeals finding that "[t]he continuance was court-ordered; an implied exception to Code § 19.2-243" to which no affirmative objection was made. *Young*, 2018 WL 1385405, at *8.

## III.  CONCLUSION

For the foregoing reasons, the Court of Appeals did not err in affirming Young's convictions for grand larceny, conspiracy to commit grand larceny, and providing false identification to a law enforcement officer.

*Affirmed*.

JUSTICE McCULLOUGH, with whom JUSTICE MIMS joins, dissenting in part and concurring in the result.

Although I concur in the result, I respectfully dissent from the majority's holding that the defendant did not preserve an objection to the court-ordered continuance.  The record is crystal clear that Young strenuously objected to any continuance counting against him for purposes of speedy trial.  The fine distinction the Court draws between objecting to a continuance *tout court* and objecting to the continuance *counting against the defendant for purposes of speedy trial* strikes me as artificial, particularly when the defendant needs additional time to prepare for trial due to a late disclosure by the Commonwealth.  What the defendant sought to preserve through his objection was not simply delay, but, in his view, delay caused by the Commonwealth in violation of the speedy trial statute.

Although the objection required here is statutory, in concept its purpose is the same as the contemporaneous objection rule found in Rule 5:25 and Rule 5A:18.  In applying the contemporaneous objection rule, we have held that its purpose "is to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections."  *Maxwell v. Commonwealth*, 287 Va. 258, 264-65 (2014) (citation and internal quotation marks omitted).  The objection "allows the circuit court to remedy the error while also giving the opposing party

10

the opportunity to meet the objection at that stage of the proceeding." *Id*. at 265. Defense counsel's objection was more than sufficient to alert the trial court that, in the context of a discussion of speedy trial, the defendant was taking issue with the continuance counting against him.

I would resolve the case on the same basis as the Court of Appeals, by applying the holding in *Taylor v. Commonwealth*, 4 Va. App. 45 (1987). *Taylor* has supplied the rule of decision in this circumstance for over 30 years. Jurisprudential stability counsels in favor of maintaining its holding. The trial court found that there was no bad faith by the Commonwealth, and, therefore, the delay caused by the court-ordered continuance was not attributable to the Commonwealth.