COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Russell and Malveaux
Argued by teleconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

                                          MEMORANDUM OPINION* BY
v.        Record No. 0540-19-2          JUDGE MARY GRACE O'BRIEN
                                              AUGUST 27, 2019

AMIR FAREED SULUKI


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Lauren Whitley, Deputy Public Defender, for appellee.


The Commonwealth appeals the dismissal of felony charges against Amir Fareed Suluki

based on a violation of the speedy trial statute, Code § 19.2-243.  The Commonwealth asserts the

following assignments of error:

  1. The circuit court erred in holding that Suluki's failure to object to
     continuances did not toll the speedy trial period and in granting
     the motion to dismiss.

  2. The circuit court erred in holding that a continuance to which
     Suluki was not adverse tolled the speedy trial period only to the
     docket call date and in granting the motion to dismiss.

For the following reasons, we reverse the court's decision.

BACKGROUND

Suluki was charged with robbery, in violation of Code § 18.2-58, use of a firearm in the

commission of robbery, in violation of Code § 18.2-53.1, and possession of a weapon by a violent

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

felon, in violation of Code § 18.2-308.2.  Initially, he was held without bail.  Following a preliminary hearing on August 7, 2017, the General District Court for the City of Richmond certified the charges to the grand jury, which returned a true bill for each charge.  The case was set for a jury trial on December 18, 2017.

Suluki filed a motion to suppress evidence, and at his request, the circuit court heard his motion on December 18, 2017, instead of proceeding with the jury trial.  The court granted the motion and set a January 22, 2018 status hearing at the Commonwealth's request.

On December 21, 2017, the Commonwealth noted its appeal of the order suppressing evidence.  At the January 22, 2018 hearing, the court released Suluki on bond and continued the status hearing to March 29, 2018 without objection.  The court subsequently continued the status hearing to May 7, 2018, again without objection.

In a June 5, 2018 memorandum opinion, this Court reversed the trial court's order suppressing evidence.  We also issued a mandate that day, remanding the case to the trial court for further proceedings.  At docket call on July 2, 2018, the court set the case for a jury trial on November 29, 2018, without objection.  On November 20, 2018, the court entered an agreed order removing the jury trial on November 29, 2018, and scheduling a hearing for that date instead on motions that Suluki filed.  Suluki moved to continue the November 29 date, and the court scheduled the motions hearing for January 24, 2019.  The parties agreed to wait until that date to schedule a jury trial.

Following the January 24, 2019 hearing, the court granted Suluki's motions in part and denied them in part.  The Commonwealth moved to continue the case to the February 4, 2019 docket call to be set.  Suluki did not object to continuing the case.

The record does not reflect any action taken on February 4, 2019.  On February 22, 2019, the Commonwealth emailed defense counsel and the judge's chambers to obtain a trial date.

Because the prosecutor and Suluki's counsel could not agree on a date, the case was scheduled for March 6, 2019, to be set for trial. On March 5, 2019, Suluki filed a motion to dismiss on speedy trial grounds.

The court heard the motion to dismiss on March 19, 2019 and set a trial date of March 28, 2019, over Suluki's objection. After considering counsel's oral arguments, as well as their written briefs, the court held that speedy trial ran on March 7, 2019, and it granted the motion to dismiss. This appeal followed.

DISCUSSION

Code § 19.2-398(A)(1) allows the Commonwealth to appeal from a circuit court's order dismissing an indictment for violation of a defendant's right to a speedy trial. Code § 19.2-243 governs a defendant's statutory right to a speedy trial. For a defendant charged with a felony who is not continuously held in custody, the statute requires that the trial must commence within nine months of the preliminary hearing or the defendant "shall be forever discharged from prosecution." Code § 19.2-243. This nine-month period "'translates' to at least 273 days" and begins to run the day after the preliminary hearing. McCray v. Commonwealth, 44 Va. App. 334, 342 (2004). See also Wallace v. Commonwealth, 65 Va. App. 80, 89 (2015) (noting that the speedy trial period "begins to run on the day after the preliminary hearing at which cause was found"). Here, the speedy trial period began running on August 8, 2017.

However, "[t]he [nine]-month period provided for in Code § 19.2-243 is not absolute." Young v. Commonwealth, ___ Va. ___, ___ (July 3, 2019). The statute enumerates certain events that toll the speedy trial time period, including, in relevant part, a

> continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth.

Code § 19.2-243(4).  "When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the [nine]-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order."  Heath v. Commonwealth, 261 Va. 389, 393 (2001).  "The statute makes clear that the actions of either 'the accused *or his counsel*' may constitute a waiver of the accused's right to invoke the statute's time limitations."  McCray, 44 Va. App. at 342 (quoting Code § 19.2-243(4)).

"[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth."  Brown v. Commonwealth, 57 Va. App. 381, 389 (2010) (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153 (1998)).  "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court."  Id. at 389-90 (quoting Baity v. Commonwealth, 16 Va. App. 497, 503 (1993) (*en banc*)).  We defer to the trial court's findings of fact but review its "statutory interpretations and legal conclusions *de novo*."  Id. at 390 (quoting Sink v. Commonwealth, 28 Va. App. 655, 658 (1998)).

Code § 19.2-243 also addresses speedy trial considerations during an interlocutory appeal. It excludes "the time during the pendency of any appeal in any appellate court" from running against the nine-month speedy trial period.  Code § 19.2-409 further defines time periods that are exempt from speedy trial calculations due to interlocutory appeals.  It provides that "[t]he provisions of Code § 19.2-243 shall not apply to the period of time commencing when the Commonwealth's notice of pretrial appeal is filed pursuant to this chapter and ending 60 days after the Court of Appeals or Supreme Court issues its mandate disposing of the pretrial appeal."

The parties contest two specific time periods:  August 4, 2018 to November 20, 2018, and February 4, 2019 to March 7, 2019.  The court found that the speedy trial provisions were not tolled during either period.

1.  Time Period between August 4, 2018 and November 20, 2018

On December 21, 2017, the Commonwealth noted its first interlocutory appeal in this case. We reversed the trial court's ruling and issued a mandate on June 5, 2018. Under Code § 19.2-409, the sixty-day tolling period from this mandate expired on August 4, 2018. The parties agree that on July 2, 2018, the case was continued to November 29, 2018 for trial, without objection. They also agree that the nine days between November 20, 2018 and November 29, 2018 were attributable to Suluki due to the agreed order that removed the jury trial and instead scheduled a hearing for November 29 on Suluki's motions.

Suluki argues that he was not required to object on July 2, 2018, because that date fell within the interlocutory appeal mandate period and therefore, speedy trial was already tolled pursuant to Code § 19.2-409. He contends that because Code § 19.2-409 specifies that the provisions of Code § 19.2-243 do not apply while time is tolled under Code § 19.2-409, the requirement in Code § 19.2-243(4) that he object to any continuances also does not apply. We disagree.

Both Code § 19.2-243(4) and case law provide that the speedy trial time period is tolled "[w]hen a defendant requests, agrees to, or acquiesces in an order that effectively continues a case." Heath, 261 Va. at 393 (citing Code § 19.2-243(4); Commonwealth v. Hutchins, 260 Va. 293, 297-98 (2000)). "[T]o avoid the tolling provision [of Code § 19.2-243(4)], the defendant must be adverse to the granting of the continuance and must affirmatively express his objection even when a new trial date is set within the speedy trial time limits for the commencement of the trial." Howard v. Commonwealth, 281 Va. 455, 460-61 (2011). See also Young, ___ Va. at ___ (affirming a defendant's convictions because although he "did not explicitly concur, agree to, or request a continuance," he failed to make "an actual affirmative objection to the court-ordered continuance").

Further, "[o]nce the initial trial date is set, every continuance postpones the trial date regardless of the reason for the continuance or the identity of the moving party." Howard, 281 Va.

at 460. "This is true *whether or not* the postponement extends the trial date beyond the statutorily required date." Id. (emphasis added). Here, the case was initially set for a jury trial on December 18, 2017. Subsequently, Suluki did not object to the July 2, 2018 continuance of the trial date to November 29, 2018. By failing to object, Suluki is deemed to have acquiesced to the continuance and to that time being chargeable to him.

Suluki argues that Code §§ 19.2-243 and 19.2-409 are in conflict and reading them together "would result in a tolled period on top of a tolled period." He contends that "[t]he legislature clearly intended the opposite: that Commonwealth's appeals would be treated as a separate period of time tolled for purposes of speedy trial." However, "when a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each." Ainslie v. Inman, 265 Va. 347, 353 (2003). See also Ragan v. Woodcroft Village Apartments, 255 Va. 322, 325 (1998) ("We accord each statute, insofar as possible, a meaning that does not conflict with any other statute.").

We find that for purposes of this case, Code §§ 19.2-243 and 19.2-409 can be construed harmoniously. Code § 19.2-409 only tolls the speedy trial time period from the date the Commonwealth files notice of an interlocutory appeal until sixty days after the mandate is issued. After the sixty-day period expires, Code § 19.2-243 controls the speedy trial clock and dictates whether other exceptions toll the time. While the mandate period is in effect, however, a defendant is not relieved of his burden to object if his trial is scheduled after expiration of the sixty-day period. Because the trial was set for a date after the sixty-day mandate period expired, Code § 19.2-243 applies, and Suluki was required to object to the November 29, 2018 trial date. His failure to object amounted to acquiescence that the delay in commencing trial would be charged against him.

2. Time Period between February 4, 2019 and March 7, 2019

The Commonwealth also contests the court's ruling that speedy trial began running again on February 4, 2019, requiring the Commonwealth to bring Suluki to trial by March 7, 2019. However, we do not reach this issue. "In this case, as in all others, we seek to decide cases, 'on the best and narrowest ground available' from the record." Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2 (2007) (quoting Miles v. Commonwealth, 274 Va. 1, 2 (2007) (Kinser, J., concurring)). Subtracting the time period between August 4, 2018 and November 20, 2018 from the time chargeable to the Commonwealth means that the trial scheduled for March 28, 2019 would have been timely regardless of whether this subsequent period is chargeable to the Commonwealth. Accordingly, we do not address the circuit court's ruling regarding the time period beginning February 4, 2019.

CONCLUSION

Because Suluki did not object on July 2, 2018 to continuing the trial date, we find that the court erred in charging the time between August 4, 2018 and November 20, 2018 to the Commonwealth and dismissing the charges. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.